Good morning, may it please the court, counsel. Peter Culp from the Dempsey Law Firm in Oshkosh, Wisconsin, appearing on behalf of the appellant Steven Olson. We're here this morning because the district court dismissed the action that was filed, and it dismissed the action by motion under 12b-6, and its reason was that the appellant failed to state a claim upon which relief can be granted. As pointed out in the briefs, the complaint itself contains sufficient factual information and sufficient allegations to state a claim, and that's true with respect to the four causes of action that were asserted. The first one, breach of a written third-party beneficiary contract. Count two, breach of the oral third-party beneficiary contract. Count three and four are variations of the estoppel claims. If the analysis at the district court level would have ended with the four corners of the complaint, I believe that we wouldn't be here today because the complaint, as I've mentioned, sets forth sufficient factual information and allegations to support the claim and to allow the claims to go before the finder of fact. Would you address subject matter jurisdiction, please? I'm sorry? Would you address subject matter jurisdiction? The case originally started out in the state courts under a run-of-the-mill breach of contract case, and we believe that it was and remains a state law cause of action. We do not believe that the Labor Management Relations Act 29 U.S.C. section 1985 necessarily applies, and we don't believe that because if you take the allegations in the complaint and the factual inferences in the complaint to the benefit of the plaintiff, you would accept the appellant's argument that there was actually no contract that was created, and in order for there to be a claim under the Labor Management Relations Act 29 U.S.C. 185, you have to have a contract. So if you accept the appellant's argument, there is no contract. Therefore, there is no federal subject matter jurisdiction, and it should go before the state court. Well, this wasn't briefed. Excuse me? This wasn't briefed, and I think we do have, obviously, a threshold question of subject matter jurisdiction in every case, but because it wasn't briefed in this case, there's a concern about whether this case even belongs in federal court at all. This was briefed on your motion to remand, which was denied in the district court, but then just dropped on appeal, and what we have is a claim for enforcement of a settlement agreement. That's your primary claim in this case. And those are ordinarily controlled by state law. I think on page 13, the issue was raised. I will admit to the court that it wasn't fully developed and completely developed, but on page 13 of the reply brief, I did talk about the threshold determination about whether, in fact, there is a contract, and if no contract was formed, then Section 301 provides no basis to challenge or trigger federal subject matter jurisdiction, and then that determination should be made by the state court. So while it wasn't fully developed, it was mentioned in the reply brief. It's a little late in a reply brief, and in the fashion done, to really raise it. I mean, it's a hard case to say, though. Well, the question isn't really whether there was a contract that was formed. If it's a contract claim for enforcement of the settlement agreement, then it belongs in state court. That was our position before the district court. It was part of the arguments raised in the motion to remand, and the court denied the motion to remand. I understand that. That's just a statement of the record, but I'm looking for some argument about why this claim is not governed by Section 301 and is not, therefore, appropriately in federal court. In other words, why was the district court wrong to treat this as a contract preempted by and governed by Section 301? Well, I think the first argument is accepting the appellant's argument on its face, there is no contract. Okay. And then the second argument would be that the type of contract that is involved in this particular case, in our opinion, is not necessarily triggered by Section 301. And I think the case law talks about that you look at the nature of the agreement that is at issue. So presuming that there is a contract, you look at the nature of the agreement at issue, and whether it has I really don't understand your argument about no contract. If there's no contract, you've got no case. This is a suit to enforce a settlement agreement, right? You want the $20,000. That's count one. That's the breach of the written settlement agreement. There's also promissory estoppel claim, which promissory estoppel does not exist if there exists a contract. I understand that law, but your primary argument is that there's a contractual right to the $20,000. Correct. So you can't argue both sides of that question, at least for purposes of addressing the subject matter jurisdiction, because we either have it or we don't. Right. And I think the issue is compounded and confused a bit by the position taken, the inconsistent positions taken by the appellants before the district court in case number one, and then the position taken by the appellants in case number two. In case number one, the appellants clearly provided a unified argument and position that there was, in fact, a contract. In the second action, which led us to this court, they take the unified position that there is no contract that was entered into because the 21 days passed without acceptance by Mr. Olson. So that difference between first action and second action I think is leading a bit to the confusion and the inability to argue on both sides of that subject matter jurisdiction. Well, if we don't have it, the district court didn't have it, and there's no case. Well, I think the court may have the power to remand it to the district court with instructions to the extent that the Labor Management Relations Act doesn't apply, there's no subject matter jurisdiction, and the case then goes back to its originating court, which is the circuit court for Winnebago County, a state court in Wisconsin. So just to kind of track your argument, you're saying that there was a settlement agreement, however, because your client never signed the settlement agreement and because your client filed suit, that that was a breach of the agreement and there was a repudiation on the part of your client, so there's no agreement now to enforce? I think it goes back to the decision and rationale of the district court, and I'll point it out. It's really the decision and rationale is contained within one paragraph, but it can be synthesized into one sentence of the district court, and that's, quote, Bemis has no obligation to pay him $20,000, it promised to pay him, if he dropped his grievance for the simple reason that he refused to drop his grievance, end quote. And I think that's where the heart of the district court's decision was. But that presumes that Mr. Olson had the right and the ability to either say, I agree with this settlement or I don't agree with this settlement, because the argument made by the appellants before the district court in first action was that he had no authority and power because the union owned the grievance, controlled the process, and had the absolute right to settle the grievance. Okay, and that gets to the question of subject matter jurisdiction, because that kind of an agreement is governed by Section 301. I think when I look at the case law with respect to that, Your Honor, I don't view the cases that stand for the proposition that it creates a category of the type of agreements that are governed. In other words, some of the district court decisions that mention grievance settlement agreements are subject to Section 301. I look at it more of the impact of the agreements. For example, Raleigh Winters' case that was cited by the appellants. That is a case where it involved a training agreement. And when I looked at that case, I interpreted the case to say, does it have a significant impact on maintaining labor peace? And I look at how many people are touched and affected by that agreement. There is a whole council, 31 different unions in that Raleigh Winters case that were affected. In this particular case, we have one individual that's affected, and that is Mr. Olson. So when we look at the nature of the agreement, that to me suggests that this is just a run-of-the-mill type of contract that should be enforced in the state court. Because, of course, what happened was the union took the position that it just did not matter whether Mr. Olson signed on the dotted line. What mattered was is that the union was the exclusive bargaining agent for Mr. Olson and all employees. And I see I'm out of time. Good morning. May it please the court, Kevin Kinney on behalf of Bemis Company. My counsel, Fred Perillo, is available for rebuttal. Very quickly, I do understand that there's a question in terms of subject matter jurisdiction. There was an agreement between Bemis and the union to resolve the grievance. You offer this guy money, we're accepting it, this matter's closed, and because of all the guff that was going on in the background, we're going to make sure that we don't get sued for DFR, the union, and we're going to make sure we don't get sued on a breach of contract in a hybrid 301 action. That's exactly what came down. The guy had the document. He looked at it. He had 21 days to sign off on it, and he said, you know what, I'm going to take my chance in that hybrid 301 action. I think I can convince Judge Griesbach that they violated the duty and breached the contract. They were wrong. They came up short. Now, which also brings us right, and that's why this case got dismissed. He didn't sign the agreement. The agreement expired by its own terms, and finally he violated the conditions that were placed on him. I call that the legal trifecta of how not to enter into an agreement. That's what really happened. And then the race judicata issue is right before you, too, because I know it would have been very awkward to argue to Judge Griesbach, well, on the one hand, we're going to go this way, and on the other hand, we're going to go this way and enforce the agreement. But awkward moments in the law happen all the time, and it's pretty clear that the claim that's before this court right now is the exact claim that could have been presented at that same time to Judge Griesbach, and it wasn't. And then finally, I would just throw in that if you look at all the case law in terms of the subject matter jurisdiction, whether it's the 301, the straightforward 301 claims or the garment preemption claims, this is a case where all of the equitable, assuming that there even is a claim for equitable estoppel under Wisconsin law, which I don't believe there is, but those claims are clearly either 301 preempted or garment preempted, completely preempted. If there are no more questions, I'll sit down. Thank you. Thank you. Thanks to both counsel. Case will be taken under advisement. We've got the employer. Oh, I'm sorry. Okay. All right. If it pleases the court, my name is Fred Perillo. I represent the United Steelworkers. I wanted to address your question, Judge Sykes. On pages 4 to 6 of Judge Griesbach's opinion, he cites the cases that I cited to him in the motion to remand holding that a grievance settlement is a contract between a union and an employer for purposes of Section 301 of the Labor Management Relations Act. We didn't get an opportunity to brief that because it didn't show up in the main brief of Mr. Olson. It didn't show up until his reply brief when we no longer had the opportunity to write on the subject. But it's very clear that a grievance settlement, even one conditioned on actions being taken by a particular employee, is the type of contract covered by 301 and has always been held as such. Right. The hybrid claims which produce settlements are always that. The employee is the beneficiary of the agreement entered into on his behalf by the union. And when we spoke, you've got the union and your co-counsel had the employer, apparently. Correct. But this does go to subject matter jurisdiction, it seems to me. Because otherwise it's just a garden variety contract claim. We were able to remove the case because it is a contract covered by Section 301, and that's why there was subject matter jurisdiction below and there is jurisdiction in this court. I will only say, Your Honor, it's, I think, implicit in every grievance settlement that you cannot litigate to a conclusion and settle the same case. It's one or the other. We agreed with Bemis that they would offer money to Olson on the premise that Olson would then either accept the money and the grievance would be done or that he would sue. If he chooses to sue, he cannot also accept the money, particularly because in this case it was a cost of litigation settlement. And as I said, and as Judge Griesbach said, one cannot litigate to a conclusion the same case and then try to accept a settlement of the same case. It's one or the other. The union had every right to make that agreement that was the subject of the first lawsuit. In the second lawsuit, Mr. Olson originally tried to name us as an involuntary plaintiff to obscure the fact that it was he rather than Bemis who had repudiated the settlement agreement. When we were realigned as a defendant in this case, Mr. Olson switched his argument, and you'll see it in his main brief, to the argument that exclusive representation is fundamentally unjust and unfair. It is, however, the premise of our national labor relations since 1935. And there is a 50-year unbroken line of decisions in this court and the Supreme Court that exclusive representation is the law. His first suit is the same as his second suit. Both suits make the same argument that we didn't have the right to impose this settlement on. If the court has no other questions, I will not use the remainder of my time. Thank you. Now we've concluded everybody's argument. Thank you very much.